UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRED WATSON, JR., ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:04-CV-1012 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on federal prisoner Fred Watson, Jr.'s pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion is fully briefed. The Court will deny the motion for the reasons set forth below.

**I.   Background**

On August 29, 2003 Watson pled guilty to the lesser included offense in Count I of the superceding indictment, conspiracy to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. On November 18, 2003, the Court sentenced Watson to 87 months incarceration and 4 years supervised release. Watson did not file a direct appeal.

Watson filed a timely motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.[1] In his 60-page memorandum in support, Watson asserts six grounds for relief based on ineffective assistance of counsel. Watson contends that counsel was ineffective in failing to: (1) file a notice of appeal; (2) challenge the validity of the indictment; (3) challenge the factual basis of the guilty plea; (4) object to the Court's two-level enhancement for possession of a dangerous weapon;

---
[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one year limitation on filing a motion under 28 U.S.C. §2255. The period of limitations begins to run when a conviction becomes final. See 28 U.S.C. § 2255. If a petitioner has not filed a direct appeal, his conviction becomes final on the last day he could have filed an appeal with the Eight Circuit Court of Appeals. Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). Petitioner's motion was filed within those limitations.

(5) object to the sentence imposed by the district court; and (6) object to the addition of an essential element to the indictment. The government responds that counsel's representation was not constitutionally infirm.

**II.     Discussion**

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962).

A § 2255 motion " 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact.' " Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

Ineffective assistance of counsel claims are governed by the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the Strickland analysis, the petitioner must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. Id. "To prevail on a claim of ineffective assistance of counsel where there has been a guilty plea, petitioner must show that counsel's representation fell below an objective standard of reasonableness, and that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Gumangan v. United States, 254 F.3d 701, 705 (8th Cir. 2001). It is a heavy burden to establish ineffective assistance of counsel pursuant to § 2255. DeRoo

v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (citing United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

A. **Appeal.**

IWatson first claims his counsel "was ineffective in violation of the Sixth Amendment to the United States Constitution for failing to file a notice of appeal upon the request and insistence of Movant to do so." (Watson Mot. at 7). Ineffective assistance of counsel claims generally require a movant to show both deficient performance by counsel and prejudice to the defense caused by that performance. Strickland, 466 U.S. 668, 687. However, an attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling the movant to § 2255 relief without inquiry into prejudice or likely success on appeal. Holloway v. United States, 960 F.2d 1348, 1356-57 (8th Cir.1992).[2] "The appropriate remedy is to remand for re-sentencing, thus affording the petitioner an opportunity to take a timely direct appeal." Barger v. United States, 204 F.3d 1180, 1182 (8th Cir.2000).

For such a claim to succeed, Watson must show that he instructed his counsel to file an appeal. Holloway, 960 F.2d at 1357. "A bare assertion by the petitioner that [ ]he made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." Barger, 204 F.3d at 1182; see also Rodriguez v. United States, 964 F.2d 840, 842 (8th Cir.1992) (per curiam).

Watson's filings offer no sworn factual statement for his bare assertion that he requested an appeal. The sole basis for assuming that Watson wanted an appeal is a statement made in a

---

[2] In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the United States Supreme Court explained that in those cases in which an attorney has consulted with the defendant about an appeal, counsel "performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal."

3

memorandum supporting his § 2255 motion; however, that memorandum omits mention of the circumstances surrounding his desire for an appeal. Accordingly, this claim fails.

Part of Watson's claim for ineffective assistance of counsel for failing to file a notice of appeal is that the Supreme Court had granted certiorari in Blakely v. Washington, 542 U.S. 296 (2004) and Crawford v Washington, 541 U.S. 36 (2004), and that these decisions could affect his case because of their "significant application." (Watson's Mot. at 10). This Court concludes not only is the Blakely and Crawford argument conclusory because it does not allege specific facts, it must be dismissed as untimely. Watson's conviction became final on January 27, 2004, before both Blakely and Crawford were decided. Blakely was decided on June 24, 2004. Crawford was decided on March 8, 2004. Watson's claims fail because Blakely and Crawford do not have retroactive application to § 2255 motions. See United States v. Hernandez, 436 F.3d 851, 855 (8th Cir.2006) (Blakely and United States v. Booker, 543 U.S. 220 (2005) do not apply retroactively to cases on collateral review) (citing Lenford Never Misses a Shot, 413 F.3d 781, 783 (8th Cir. 2005)); Evans v. Luebbers, 371 F.3d 438, 444 (8th Cir. 2004) (holding that Crawford was not retroactive because "the Crawford Court did not suggest that this doctrine would apply retroactively and the doctrine itself does not appear to fall within either of the two narrow exceptions to Teague v. Lane's, 489 U.S. 288 (1989) non-retroactivity doctrine."

Watson next argues this Court failed to advise him of his right to appeal his sentence. Watson knew of his right to appeal, as evidenced in the written plea agreement. A sentencing court's failure to inform a defendant of the right to appeal following a guilty plea is "harmless error" if the government can show by clear and convincing evidence that the defendant knew of the right to appeal. McCumber v. U.S. 30 F.3d 78 (8th Cir. 1994). In the Plea Agreement section titled "Waiver of Post-Conviction Rights," Watson acknowledges that he "has been fully informed by defense

counsel of the defendant's rights to appeal and fully understands the right to appeal the sentence." (Pat 4). He also agreed to waive his rights to appeal all non-jurisdictional issues. Id. Watson's claim in his traverse that his counsel should have informed him that he had ten days to appeal his sentence lacks merit because there are no apparent jurisdictional issues to contest. The Court also notes that Watson's statement that his counsel did not inform him of his right to appeal contradicts his argument that he requested counsel to file a notice of appeal.

### B. Challenge to the Indictment and the Grand Jury Proceedings.

Watson next claims that counsel was ineffective for failing to challenge the constitutionality and validity of the indictment by the grand jury. Watson does not cite the record or state any specific facts supporting this claim, except that the composition of the grand jury may have been defective. Because Watson failed to make an affirmative showing of what the evidence or testimony might have been, the Court cannot begin to apply the Strickland standards. See Bryson v. United States, 268 F.3d 560 (8th Cir. 2001), cert. denied, 536 U.S. 963 (2002) (summarily dismissing the petitioner's claims of ineffective assistance of counsel on the basis that the claims were brief, conclusory and failed to cite to the record, and therefore the Court could not begin to evaluate the claims under Strickland without any affirmative showing of what the evidence or arguments might have been). See also United States v. Engelen, 68 F.3d 238, 240 (8th Cir. 1995) (allegations which are conclusions rather than statements of fact do not justify relief); Smith v. United States, 618 F.2d 507, 510 (8th Cir.1980) (mere statement of unsupported conclusions will not suffice to command a hearing). Even if Watson's claims were not "conclusory," he has not shown how his counsel's performance was deficient or prejudicial, and therefore he must be denied relief.

Furthermore, in order to establish a jurisdictional defect with respect to the indictment itself, Watson must show that the indictment on its face fails to state an offense. See O'Leary v. United

5

States, 856 F.2d 1142, 1143 (8th Cir. 1988); Sodders v. Parratt, 693 F.2d 811, 812 (8th Cir. 1982) (following guilty plea, information cannot be challenged unless it fails to charge a crime). Since Watson does not claim that the indictment was deficient because it failed to state an offense, his claim must be dismissed.

    **C.    Factual Basis of the Guilty Plea.**

Watson's next claim is that he was denied effective assistance because counsel failed to challenge the factual basis for the guilty plea, which he asserts lacks the elements for a "conspiracy." Watson appears to claim that he was not advised of the elements of conspiracy and that the indictment refers only to a single criminal act.[3] He states that to be guilty of conspiracy, he must have conspired with someone other than a government agent or informant, and since Demetri Bibbs was a confidential government informant, he could not be convicted of conspiracy on the basis of an agreement with Bibbs alone.

Collateral review of a guilty plea is "ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989). The record is clear that Watson knowingly and voluntarily pleaded guilty to a conspiracy to distribute cocaine, the elements of which were spelled out in the Plea Agreement and Stipulation of Facts Relative to Sentencing.

The Eighth Circuit has held that "[a] defendant's plea agreement waiver of the right to seek § 2255 post-conviction relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel." Deroo v. United States, 223 F.3d 919, 924 (8th Cir. 2000). Since

---

[3]To convict a defendant of conspiracy, the government needed to prove the defendant (1) had an agreement to achieve an illegal purpose, (2) knew of the agreement, and (3) knowingly became part of the agreement. United States v. Pizano, 421 F.3d 707, 719 (8th Cir.2005), cert. denied, WL 386990 No. 05-8684 (Feb. 21, 2006).

6

the waiver is not enforceable, the Court must be satisfied that there is a sufficient factual basis to the plea. See FED. R. CRIM. P. 11(b)(3). To do so, the Court must examine the record.

The fact portion of the Plea Agreement and Stipulation of Facts Relative to Sentencing refute Watson's assertions. Watson made a number of admissions which indicate that he was involved in a "conspiracy," and not a single drug transaction. He admitted to participating in more than one drug transaction involving at least 1 kilogram of cocaine. According to the Plea Agreement, Watson's "first involvement with the conspiracy occurred in May 2003." (Plea Agreement at 21).

Moreover, "[d]uring additional interviews of Demetri Bibbs, [Bibbs] advised agents that he was still owed payment by several individuals in the St. Louis area to whom he had "fronted" various quantities of cocaine that he had previously received from Jose Soto. . . . Fred Watson, Jr., also known as "Bam," had been fronted one kilogram leaving a $2,000 debt outstanding. Demetri Bibbs indicated during interviews he had conducted similar transactions with Fred Watson in the past." (Plea Agreement at 18).

Watson stipulated that the amount of cocaine for which he was responsible during his involvement in the conspiracy was between 3.5 and 5 kilograms. (Plea Agreement at 7). In his motion, Watson insists his sole drug transaction with Demetri Bibbs involved only one kilogram. Watson is correct that the collection of $2,000 owed to Bibbs by Watson was for a previously supplied single kilogram of cocaine, and that Demetri Bibbs was a cooperating co-defendant at the time the $2,000 was collected from Watson. However, Watson's purchase and possession of the kilogram of cocaine that gave rise to the $2,000 debt occurred *before* the money was collected, and *before* Demetri Bibbs was a cooperating co-defendant. Additionally, Watson stipulated that his involvement was for between 3.5 and 5 kilograms of cocaine, which was based on evidence supplied by Bibbs.

7

As to Watson's assertion that the indictment refers only to a single criminal act, the Court notes that Plea Agreement includes a list of elements of the offense charged in Count I, including "that a conspiracy existed among the defendants to distribute cocaine, a controlled substance" and "the defendant knowingly and willfully became a member of said conspiracy" (Plea Agreement at 27). At the plea hearing, Watson's counsel stated Watson "understands the nature of the charge against him" and Watson affirmed this statement. (Plea Hearing Transcript at 2-3). The Court rejects Watson's argument that the indictment refers only to a single criminal act.

Moreover, a conspiracy can exist even among people who have never met, and whose names are unknown to each other, as long as a defendant is aware of other people's assistance in the criminal venture. Rogers v. United States, 340 U.S. 367, 375 (1951). Watson pled guilty to Count I of the indictment which charged that he and ten other named co-defendants "did knowingly and willfully conspire, confederate and agree with each other and with others persons both known and unknown." (Superceding Indictment at 1-2). Even though Watson's communications may have been exclusively with government informant Bibbs, the record shows Bibbs received the cocaine from Jose Soto, a non-cooperating co-conspirator. Furthermore, more than one of the Bibbs brothers was involved in the conspiracy. Watson also had his own customers to whom he sold drugs. (Plea Hearing Transcript at 5).

The record demonstrates that Watson knowingly and voluntarily pleaded guilty to a conspiracy to distribute cocaine, the elements of which were spelled out in the Plea Agreement and Stipulation of Facts Relative to Sentencing. Therefore, the Court concludes Watson's claim that his counsel was ineffective for not challenging the factual basis of the guilty plea should be dismissed.

### D. Sentencing Factors.

Watson next claims counsel was ineffective for not objecting to his sentence because each fact affecting his sentence was not charged in the indictment or found by a jury beyond a reasonable doubt. Watson specifically argues the two-point enhancement for possession of a dangerous weapon and the amount of drugs attributable to him are erroneous sentencing factors. He claims that there is no relationship between the gun found at his residence and the offense with which he is charged. He also argues that the weapon was not "possessed" as required by the enhancement because it was seized from his home "at least 20 days after the one time transaction," and that there was no "presence" or "nexus" for the possession enhancement. (Watson Mot. at 47).

The Court concludes Watson's sentence is correct. Watson admitted to the underlying facts regarding his role in the offense and his possession of a dangerous weapon at his plea hearing. The Plea Agreement states Watson forfeited a ".25 caliber Phoenix Arms pistol with defaced serial number" in Count II, which was property used "in whole or in part to commit or facilitate the commission" of the violation set out in Count I of the indictment. (Plea Agreement at 26).

It is true that the amount of drugs specified in the superceding indictment is greater than the amount of drugs Watson pled guilty to. In the Superceding Indictment the government charged Watson with conspiracy to distribute a quantity of cocaine in excess of 5 kilograms. Watson pled guilty to the lesser included offense of conspiracy to distribute in excess of 500 grams of cocaine. In his plea agreement, Watson stipulated to an amount of more than 3.5 kilograms but less than 5 kilograms, which was a finding of the pre-sentence investigation. Watson did not object to this finding at the plea hearing or sentencing. Based on Watson's own admissions, his attorney's decision not to object to the two-point enhancement and the amount of drugs on the grounds he suggests--

namely that the weapon and drugs were not charged in the indictment or found by a jury--was objectively reasonable.

Watson cannot sustain a claim that his indictment was flawed without showing how counsel's performance was deficient and prejudicial. See Strickland, 466 U.S. 688. The enhancement for possession of a firearm is appropriate "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(b)(1) (2002), application note 3; see also United States v. Tauil-Hernandez, 88 F.3d 576, 580 (8th Cir.1996) ("The crucial inquiry is whether 'it is not clearly improbable that the weapon had a nexus with the criminal activity' ") (citing United States v. Richmond, 37 F.3d 418, 419 (8th Cir.1994), cert. denied, 13 U.S. 1178 (1995)), cert. denied, 520 U.S. 1121 (1997).

Watson's firearm was found in his home during execution of a duly authorized search warrant. The firearm enhancement may be based on constructive possession, which includes dominion or control over the premises where the item is located. United States v. McCracken, 110 F.3d 535, 541 (8th Cir.1997). See U.S. v. Wagner, 884 F.2d 1090 (8th Cir. 1989) (holding handgun that was kept near front entry of house in which defendant resided was possessed by defendant during commission of offense and could be considered as basis for upward adjustment in sentence).

In his traverse, Watson claims that under Booker, Blakely, and Apprendi, a jury would have to find a sentence enhancing fact beyond a reasonable doubt before his sentence could be constitutionally increased because of that fact. The government counters that the Court has found that "so long as a sentence does not exceed the statutory maximum established by Congress for the offense of conviction, a guidelines sentence can (in fact, sometimes must) be based on conduct not charged in the indictment," citing Witte v. United States, 515 U.S. 389, 399-401 (1995).

10

This Court concludes that Watson's stipulation to--and subsequent failure to object to--the sentencing calculation constitutes an admission which makes Blakely inapplicable. The "statutory maximum" for Apprendi v. New Jersey, 530 U.S. 466 (2000) purposes is the maximum sentence a judge may impose solely on the basis of the jury verdict or admitted by the defendant." Blakely, 542 U.S. at 337. Watson's maximum sentence for his violation of 21 U.S.C. § 841(a)(1) was 40 years in prison. Watson's 87-month term is near the bottom of the statutory range. 21 U.S.C. § 841(b).

Watson cannot demonstrate that his counsel's representation fell below an objective standard of reasonableness for not objecting to either the weapon enhancement or the amount of drugs. This Court finds that counsel was not in error for failure to raise this challenge.

### E. Failure to Object to the Sentence Imposed.

Watson next claims counsel was ineffective for failing to object to the sentence imposed because it exceeded the statutory maximum based on uncharged relevant conduct and the gun enhancement. The government asserts that Blakely does not invalidate the federal sentencing guidelines and that Watson abandoned objections to the base offense level by failing to raise any objections to the pre-sentence investigation report at sentencing.

Watson stipulated to the amount of drugs involved in the conspiracy. Watson did not object to the pre-sentence investigation report, which included the fact that he had between 3.5 and 5 kilograms of cocaine. "Our precedents make clear, however, that the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the jury verdict or admitted by the defendant." Blakely, 542 U.S. at 303. According to Blakely, "when a defendant pleads guilty, the state is free to seek judicial enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial fact finding." Id. at 2541. See United States v Durham, 963 F.2d 185, 186 (8th Cir. 1992) cert. denied, 506 U.S. 1023 (1992) (holding defendant

11

waived any objection to sentence by agreeing that it was minimum sentence mandated by statutes and by accepting benefit of plea agreement.) Watson's claim of ineffective assistance for not objecting to his sentence will be denied.

### F. Constructive Amendment.

Watson finally argues that the indictment was "constructively amended" via the pre-sentence investigation report with "uncharged relevant conduct" and a "gun enhancement." Watson argues that the uncharged conduct and weapon enhancement unconstitutionally increased his sentence without being presented to the grand jury.

There is no evidence that Watson's sentence was increased for "uncharged relevant conduct." Further, there is no indication that Watson pled guilty to an offense other than that charged in the indictment, or that the evidence against which Watson expected to defend himself changed between the time of the indictment and the time of his plea. See United States v. Stuckey, 220 F.3d 976, 981 (8th Cir. 2000) (discussing distinction between a constructive amendment and a variance); See also U.S. v. Davis 406 F.3d 505, 506 (8th Cir. 2005) (holding government's recital of different federal insuring agency in indictment for armed bank robbery than was set forth in jury instructions was not constructive amendment but mere variance between indictment and proof, which was not prejudicial to defendant and therefore not fatal to conviction.)

Watson freely accepted a deal with the government to plead guilty to a lesser included offense of Count I. The only difference between Count I of the indictment and the offense which Watson ultimately pled guilty to is the amount of drugs attributable to Watson. Watson has not shown that he was prejudiced by defense counsel's failure to argue that the absence of a reference to a drug quantity in the indictment resulted in a constructive amendment or variance. See United States v.

Apfel, 97 F.3d 1074, 1076 (8th Cir.1996). Accordingly, Watson's claim of ineffective assistance for failure to challenge constructive amendment of his indictment must be dismissed.

As previously mentioned, entry of an unconditional guilty plea waives all challenges to the prosecution of a criminal case, except for those related to jurisdiction. See United States v. Winheim, 143 F.3d 1116, 1117 (8th Cir. 1998); Smith v. United States, 876 F.2d 655, 657 (8th Cir.), cert. denied, 493 U.S. 869 (1989). Since Watson does not frame this claim explicitly in terms of ineffective assistance of counsel, his substantive claim is waived.

## III. Conclusion

For all of the above reasons, Watson's § 2255 motion will be denied.

Accordingly,

It is **HEREBY ORDERED** that movant Fred Watson, Jr.'s motion to vacate, set aside or correct his sentence is **DENIED**. (Doc. 1)

**IT IS FURTHER ORDERED** Watson's motions to supplement the record are **GRANTED**. (Docs 21-22).

**IT IS FURTHER ORDERED** that a certificate of appealability shall not be issued in this case as the Court concludes that Fred Watson, Jr. has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), or demonstrated that "reasonable jurists could debate whether (or, for that matter, agree that the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 222, 336 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

                                                     **CHARLES A. SHAW**
                                                     **UNITED STATES DISTRICT JUDGE**

Dated this 19th day of June, 2006.