**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| FRED WATSON, JR., ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:04-CV-1012 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is once again before the Court on the motion of Fred Watson, Jr., a federal prisoner, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

*Factual & Procedural Background[1]*

On August 29, 2003, Watson pleaded guilty to the lesser included offense in Count I of the superceding indictment, conspiracy to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. On November 18, 2003, the Court sentenced Watson to 87 months incarceration and 4 years supervised release. Watson did not file a direct appeal.

On August 5, 2004, movant filed a timely motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Watson asserted six grounds for relief in his 60-page memorandum in support, all based on ineffective assistance of counsel. Watson claimed his counsel was ineffective in failing to: (1) file a notice of appeal; (2) challenge the validity of the indictment; (3) challenge the factual basis of the guilty plea; (4) object to the Court's two-level enhancement for possession of a

---

[1]For more details regarding the facts of this case, see the Court's Memorandum and Order dated June 19, 2006, and Watson v. U.S., 493 F.3d 960 (8th Cir. 2007).

dangerous weapon; (5) object to the sentence imposed by the district court; and (6) object to the addition of an essential element to the indictment.

On June 19, 2006, without holding an evidentiary hearing, this Court denied movant's to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Court found none of the grounds raised in movant's motion to have merit. Movant filed an application for a certificate of appealability with the Eighth Circuit Court of Appeals on the issue of whether his right to effective assistance of counsel was violated by the failure of his trial attorneys to file a notice of appeal as he requested. The Eighth Circuit granted a certificate of appealability as to that issue. In an opinion dated July 18, 2007, the Court of Appeals found this Court had erred in that it had not held an evidentiary hearing to determine whether movant had requested an appeal. Watson v. U.S., 493 F.3d 960 (8th Cir. 2007). The Eighth Circuit vacated this Court's June 19, 2006 Memorandum and Order and remanded the case for further proceedings. Id. Pursuant to the Eighth Circuit's directive, this Court appointed movant counsel and scheduled an evidentiary hearing. An evidentiary hearing was held on December 18, 2007, to determine whether movant instructed his trial counsel to file a notice of appeal. Movant testified at the hearing, as did his former counsel, Scott Rosenblum and Steve Welby.

### *Testimony Presented at the Evidentiary Hearing*

#### *Movant's Testimony*

At the evidentiary hearing, movant testified that he was represented during the underlying criminal action by attorneys Steve Welby and Scott Rosenblum. He testified that his attorneys had negotiated a plea agreement on his behalf. Movant acknowledged that the plea agreement contained a waiver of right to appeal. Movant testified that he had read the plea agreement several times. He

2

stated, however, that his attorneys did not review or discuss the plea agreement with him. Movant admits that he signed the plea agreement and received a sentence consistent therewith. However, movant was not pleased about the gun enhancement he received, which was based on facts stipulated in the plea agreement. Movant did not testify that he asked his attorneys to file an appeal. He did state that he told his attorneys before and after his sentencing that he was unhappy about the gun enhancement.

### *Scott Rosenblum's Testimony*

Scott Rosenblum testified that he discussed each and every provision in the plea agreement, including the waiver of appeal,[2] with movant. He also stated that it is his practice to go over plea agreements with his clients line by line. Mr. Rosenblum testified that movant never requested or made any other indication that an appeal should be filed. Mr. Rosenblum did state that he was aware movant was unhappy with the gun enhancement, but that the enhancement did not come as a surprise to movant. Mr. Rosenblum stated he had discussed the gun enhancement with movant during the plea negotiations. Mr. Rosenblum testified that movant asked him a number of times whether there was any way to get below an 87-month sentence, which was based in part on the gun enhancement, and Mr. Rosenblum responded that absent movant's cooperation, the plea agreement was the best case scenario. Mr. Rosenblum did testify that there were some discussions after sentencing about reconsideration of the gun enhancement, but he stated that he informed movant that there was no

---

[2]Mr. Rosenblum testified that the Court discussed movant's right to appeal at the sentencing hearing. Movant's right to appeal was not mentioned during the sentencing hearing. The Court is aware, however, that it is the practice of some judges in this district to discuss a defendant's right to appeal at sentencing. In the Court's view, Mr. Rosenblum's mistaken belief regarding whether the right to appeal was mentioned by the Court during the sentencing hearing does not significantly detract from his credibility regarding other matters.

3

basis for reconsideration in light of the stipulations made in the plea agreement. Mr. Rosenblum testified unequivocally that there was never a request to file an appeal, and had movant requested or made it know in any fashion the he wanted to proceed with an appeal, Mr. Rosenblum would have filed a notice of appeal.

*Steve Welby's Testimony*

Steve Welby's testimony was consistent with that of Mr. Rosenblum. He testified that he would have gone over the plea agreement with movant page by page. He also stated that he discussed with movant the effect of the appeal waiver contained in the plea agreement. Mr. Welby did state that he was also aware movant was unhappy with the gun enhancement, but that movant was unhappy about the enhancement throughout the representation. Mr. Welby testified that the parties negotiated an agreement, and part of that agreement was that the written plea agreement would contain a stipulation about the gun. Mr. Welby stated that the parties agreement was reflected in the plea agreement, which was in turn mirrored in the presentence report. According to Mr. Welby, the gun enhancement did not come as a surprise to movant at sentencing. Mr. Welby testified that movant did not request that an appeal be filed on his behalf. Mr. Welby also testified that it would have been his practice to file an appeal if asked, even if there had been a waiver and there was no basis for the appeal.

*Discussion*

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255,

4

the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." Poor Thunder v. United States, 810 F.2d 817, 823 (8th Cir. 1987) (citing Kaufman v. United States, 394 U.S. 217 (1969)).

Movant claims he received ineffective assistance of counsel in that his attorneys failed to file a notice of appeal despite being instructed to do so. In order to prevail on a claim of ineffective assistance of counsel, movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

An attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling a movant to § 2255 relief. Watson v. United States, 493 F.3d 960 963-64 (8th Cir. 2007); Evans v. United States, No. 1:05CV0099 ERW, 2006 WL 1300672, at * 5 (E.D. Mo. May 7, 2006). No inquiry into prejudice or likely success on appeal is necessary. Watson, 493 F.3d at 963-64; Holloway v. United States, 960 F.2d 1356-57 (8th Cir. 1992). If it is established movant expressed a desire to file an appeal and his counsel failed to do so,

5

the appropriate remedy is to re-sentence movant, thus affording him an opportunity to take a timely direct appeal. Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000).

It is movant's burden to show that he was not adequately notified of his right to file an appeal, and that he instructed his attorney to file an appeal. Holloway, 960 F.2d at 1357. The Court finds movant can do neither. Movant's testimony regarding his failure to receive adequate notice about the waiver of his right to an appeal is not credible. He testified that while he read the plea agreement several times, no one discussed with him the contents of the plea agreement or the waiver of appeal contained therein. This is entirely inconsistent with the testimony Mr. Rosenblum and Mr. Welby, both of who testified that they discussed the plea agreement, including the waiver of appeal, with the movant in great detail. The Court finds Mr. Rosenblum's and Mr. Welby's testimony to be more credible. The Court finds that it is more likely than not that movant was adequately informed that the plea agreement, which movant signed, contained a waiver of his right to appeal.

As for movant's assertion that his attorneys failed to file a notice of appeal despite being instructed to do so, movant has presented no evidence whatsoever that he made such a request. Movant did not testify that he asked his attorneys to file an appeal. Although his right to appeal does not depend on this request, the "desire to appeal must be manifest." Barger, 204 F.3d at 1182. After considering the testimony from the evidentiary hearing and the record generally, the Court finds movant did not communicate to either Mr. Rosenblum or Mr. Welby a desire to file an appeal. See United States v. Robinson, 171 Fed. Appx. 536, 537-38 (8th Cir. 2006) (finding, in a similar factual scenario, that a defendant did not ask his counsel to file a notice of appeal).

The Supreme Court has instructed that in cases such as these where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, "the question whether counsel

has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal." Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). And if not, the district court should determine whether the failure to consult was unreasonable. Id.

For the purposes of this opinion, the Court will assume that movant's counsel did not consult with him regarding an appeal. Any such lack of consultation, however, did not result in ineffective assistance of counsel. The Court finds this case is almost identical to the example given in Flores-Ortega of when a consultation is not necessary. Id. Here, movant conferred with his attorneys who negotiated and advised him regarding the terms of a plea agreement; movant was counseled regarding the effect of the waiver on his right to appeal; movant voluntarily entered into the plea agreement knowing the terms thereof; movant pleaded guilty; the Court sentenced movant on the low-end of the sentencing range for which he bargained; movant did not request or express an interest in appealing; and counsel concluded there is no basis for an appeal. Although movant was and still is unhappy about the gun enhancement, he knew about the enhancement from almost the beginning of his representation, was counseled about the enhancement, and entered a voluntary plea that contained the enhancement after having been informed of his alternatives. The Court finds and concludes that this defendant did not demonstrate to counsel an interest in filing an appeal, and under the circumstances of this case, a rational defendant would not have desired an appeal. Therefore, the Court finds and concludes that counsel was not ineffective for failing to consult with movant about an appeal. See Flores-Ortega, 528 U.S. at 484. As for the second prong of Strickland, movant has also failed to carry his burden of demonstrating that but for his counsel's deficient failure to consult with him about an appeal, he would have timely appealed. Id.

7

*Conclusion*

The Court finds movant did not express a desire that his attorneys file an appeal on his behalf. Furthermore, even of the Court were to conclude that movant was not properly consulted regarding an appeal, under the circumstances of this case, any such lack of consultation would not have been unreasonably deficient such that it would rise to the level of a constitutional violation. Finally, movant has not shown that he did not file a timely appeal as a result of his counsel's lack of consultation.

Accordingly,

**IT IS HEREBY ORDERED** that movant Fred Watson's motion made pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DENIED** and his claims are **DISMISSED** with prejudice. [Doc. 1]

**IT IS FURTHER ORDERED** that movant Fred Watson's unsigned "Motion to Clarify" is **DENIED.** [Doc. 45]

A separate order of dismissal will accompany this order.

*[signature]*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __22nd__ day of December, 2008.